Warren R. ERHARDT,
Plaintiff-Appellee,

v.

PRUDENTIAL GROUP, INC. and Prudential Ventures Corporation, Defendants–Appellees,

Nathan M. Shippee, Appellant.

No. 1152, Docket 80–7150.

United States Court of Appeals, Second Circuit.

Submitted May 15, 1980.

Decided Sept. 11, 1980.

Blatt & Smithline, New York City, for defendants–appellees and appellant Shippee.

Rose & Schlesinger, New York City, for plaintiff–appellee.

Before MULLIGAN, Circuit Judge and ZAMPANO, Senior District Judge.*,**

ZAMPANO, District Judge:

This is an appeal from an order of the United States District Court for the Southern District of New York, Kevin T. Duffy, Judge, adjudicating Nathan M. Shippee ("Shippee"), president and chief executive officer of defendant Prudential Group, Inc., to be in civil contempt of an order issued by Judge John M. Cannella relating to class certification and notice.

## I.

The events leading up to the citation of contempt are as follows. In November 1978, Warren R. Erhardt, a limited partner

in the Plaza Three Development Fund, instituted a class action on behalf of all past and present limited partners against the general partner, Prudential Group, Inc., and a related company, Prudential Ventures Corporation. The complaint alleged causes of action for breach of contract, violation of fiduciary duties, and mismanagement, for which damages and an accounting were sought.

In February 1979, the plaintiff moved for class certification pursuant to Fed.R.Civ.P. 23(c)(1), and a hearing on the motion was held on March 28, 1979. Thereafter counsel met with Judge Cannella in chambers on two occasions to determine the contents of the class certification order and the form of notice to be mailed to the members of the class. Following these conferences, counsel for the defendants sent a letter to Judge Cannella suggesting, inter alia, that the notice set forth how different results in the case would affect the allocation of attorneys' fees and costs among the parties. In particular, the recommendation was made that the notice contain a provision that the class members would be personally liable for legal fees and disbursements if the defendants prevailed in the lawsuit. In response, counsel for the plaintiff strenuously opposed the defendants' proposals, contending that such language in the notice was not supported by legal precedent, was contrary to customary practice, and was designed to encourage members of the class to elect to be excluded from the action.

On November 27, 1979, Judge Cannella issued an order granting class certification and providing for the form of notice to the members of the class. It is important to note that 1) the order [1] contained no provi-

---

* Of the United States District Court, District of Connecticut, sitting by designation.

** This appeal was submitted to a two–member panel by agreement of the parties.

1. The order provided in pertinent part:
   Ordered, that the . . . action is to be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure . .; and it is
   Further Ordered that all class members be given individual notice of this action pursu-

ant to Rule 23(e)(2) of the Federal Rules of Civil Procedure by ordinary mail sent to each member at his or her last known address; and it is
Further Ordered that defendants provide plaintiff and the Court with an accurate list of the names and last known addresses of each person who is or was an original limited partner of Plaza Three Development Fund, together with an accurate list of names and last known addresses of each person, if any, to whom any original limited partner of Plaza

sion proscribing or restricting unauthorized communications by parties or their counsel with class members, and 2) the Southern District of New York has no local rule prohibiting or limiting unapproved communications by counsel and/or the parties with recipients of a court ordered class action notice. See Manual for Complex Litigation § 1.41 at 69 (Tentative Draft, 5th rev. 1980), recommending, in the absence of a local rule, that the court at pretrial enter an order "forbidding *unapproved* direct or indirect *written and oral communications by formal parties or their counsel with potential and actual class members, who are not formal parties*"; see also *Great Western Cities, Inc. v. Binstein*, 476 F.Supp. 827, 836 (N.D.Ill.) aff'd 614 F.2d 775 (7 Cir. 1979); *Waldo v. Lakeshore Estates, Inc.*, 433 F.Supp. 782, 789 (E.D.La.1977) appeal dismissed 579 F.2d 642 (5 Cir. 1978). Moreover, the notice issued by the court contained no statement regarding payment of legal expenses or reimbursement of costs.

Following the issuance of the order, and the mailing of notice to the class members, but prior to the final date provided in the notice for members to "opt out" of the class, it came to plaintiff's attention that Shippee was sending to the class members letters commenting on the litigation, warning them that a successful defense might make them liable for costs, and urging them to disassociate themselves from the lawsuit. As a consequence, the plaintiff moved for an order citing defendants for contempt of court and for an injunction enjoining them from communicating with members of the class, except upon *prior approval of the court.*

In the moving papers and at the contempt hearing before Judge Duffy, Shippee admitted sole responsibility for, and authorship of, the alleged offending correspon-

dence. He contended, however, that the memoranda were sent to class members in response to a series of inquiries he had received from limited partners concerning the lawsuit, and that, while the communications may have been misleading, they did not violate any specific paragraph of Judge Cannella's order. Therefore, he argued, his conduct was not contemptuous. The plaintiff, on the other hand, conceded that no particular provision of the order was directly violated, but claimed that there was an implicit command in the order enjoining communications with class members other than by the notice approved by the court. At the conclusion of the hearing, Judge Duffy reserved decision.

Subsequently, Judge Duffy found Shippee to be in contempt of Judge Cannella's class certification order, but gave no reasons for the adjudication nor did he specify which provision of the court order was violated. To remedy any confusion resulting from Shippee's previous correspondence, the contempt decree required him to send a letter at his own expense to each member of the class and to pay $1,000 to the plaintiff for expenses in connection with the contempt proceedings. In addition, the defendants were ordered to send a new class notice advising class members that they could now "opt in" to the suit if they had previously "opted out" on the basis of the Shippee communications. Finally, the defendants were enjoined from further communications with class members except upon prior approval of the court.

The defendants have not appealed from those portions of Judge Duffy's order addressed to them. Shippee, who complied with the sections of the contempt decree directed to him, contests on appeal only the finding of contempt.[2]

Three Development Fund may have transferred his or her limited partnership interests; and it is
Further Ordered that said notice be mailed by plaintiff, at plaintiff's cost and expense to each member of the class; and it is
Further Ordered that said notice shall be in the form attached hereto advising each member of the class that the Court will exclude

him from the class if he so requests by a specific date. . . . .

2. The question of appellate jurisdiction has not been raised by the parties despite the fact that the order appealed from is for civil contempt which is generally not final and appealable. See *International Business Machines Corp. v. United States*, 493 F.2d 112, 114–15 (2 Cir.

## II.

Notice to class members is crucial to the entire scheme of Rule 23(b)(3). It sets forth an impartial recital of the subject matter of the suit, informs members that their rights are in litigation, and alerts them to take appropriate steps to make certain their individual interests are protected. See *In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1125 (9 Cir. 1977); *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088 (5 Cir. 1977). It also preserves the right of class members to "opt out" if they believe their interests are antagonistic to the other class members, or if they wish to proceed by separate suit. *In re Nissan Motor Corp. Antitrust Litigation*, supra at 1104–05.

It is the responsibility of the court to direct the "best notice practicable" to class members, Rule 23(c)(2), and to safeguard them from unauthorized, misleading communications from the parties or their counsel. Unapproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice. To prevent abusive practices in the absence of a local rule, the court should include in its order of notice a provision limiting within constitutional parameters any unauthorized correspondence by parties and their counsel with class members.

In the event of misconduct, the court may impose sanctions, including a citation of contempt. But this disciplinary weapon is at the severe end of the spectrum. The imposition of a civil contempt order, therefore, should only be imposed when there is clear and convincing proof of a violation of a court decree. *In re Irving*, 600 F.2d 1027, 1037 (2 Cir.) cert. denied 444 U.S. 866, 100 S.Ct. 137, 62 L.Ed.2d 89 (1979); *Ramos Colon v. U. S. Attorney*, 576 F.2d 1, 4 (1 Cir. 1978); *Hart Schaffner & Marx v. Alexander's Department Stores, Inc.*, 341 F.2d 101, 102 (2 Cir. 1965) (per curiam). As the Supreme Court cautioned in *International Longshoremen's Association, Local 1291 v. Philadelphia Marine Trade Association*, 389 U.S. 64, 74, 88 S.Ct. 201, 206, 19 L.Ed.2d 236 (1967), the civil contempt power, in cases involving a restraint on activity, should be exercised only when an "operative command" which complies with Fed.R.Civ.P. 65(d) has been violated. The rule requires that an order of the court enjoining conduct shall, among other things, be "specific in terms" and "describe in reasonable detail . . . the act or acts sought to be restrained." [3]

Applying these principles to the facts here, we conclude that the prerequisites to an adjudication of civil contempt are not present. It is evident that no explicit command in Judge Cannella's order of notice was violated; to the contrary, each provision was complied with by the parties to the action. While Shippee's communications may have been imprudent, the remedial measures imposed by Judge Duffy sufficed to counteract Shippee's lack of judgment. The finding of contempt, however, cannot stand in the absence of a violation of a directive spelled—out in the order of notice. Paramount interests of liberty and due process make it indispensable that the

---

1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974). Although named in the order in his official capacity as president and chief executive officer of one of the defendants in the case, Shippee appears from the record to be held personally in contempt, rather than as a party to the action, and accordingly the order is appealable. *In re Irving*, 600 F.2d 1027 (2 Cir. 1979). See also *International Business Machines Corp. v. United States*, supra, 493 F.2d at 115 n. 1.

**3.** Rule 65(d) provides:

(d) *Form and Scope of Injunction or Restraining Order.* Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

invocation of the contempt power, particularly against a third person not a party of record, be grounded upon a direct infraction of a specific command of the court. *H. K. Porter Co. v. National Friction Products Corp.*, 568 F.2d 24, 26–8 (7 Cir. 1978).

Accordingly, the citation of civil contempt is vacated.