United States Court of Appeals,

Fifth Circuit.

Nos. 92-1156, 92-1393.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

GENERAL DYNAMICS CORP., Defendant-Appellee.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

GENERAL DYNAMICS CORPORATION, Defendant-Appellant.

Aug. 30, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, GARWOOD, and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

The Equal Employment Opportunity Commission ("EEOC") filed this action against General Dynamics in the Northern District of Texas. The EEOC's complaint alleged that General Dynamics violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Specifically, the EEOC claimed that: (1) General Dynamics' policy of rejecting job applicants for the stated reason that these applicants were "overqualified" had an unlawful disparate impact on older workers, and (2) General Dynamics subjected Mr. William Willis and other similarly situated applicants over the age of 40 to disparate treatment by applying the policy of not hiring "overqualified" applicants more strictly to older workers than to younger workers.

Before the commencement of trial, the district court sanctioned the EEOC for violating a discovery order by excluding the EEOC's expert witness, Dr. Kearns, who intended to testify with regard to the EEOC's disparate impact claim. The district court also sanctioned the EEOC for its failure to adequately respond to portions of General Dynamics' interrogatories by excluding the EEOC's evidence regarding the alleged disparate treatment of employees similarly situated to Willis. As a result of the trial court's exclusions, the EEOC could ultimately present only Willis' individual

claim of discrimination to the jury. The jury found that General Dynamics did not discriminate against Willis.

On appeal, the EEOC challenges the trial court's exclusion of its expert witness and the exclusion of its evidence pertaining to the disparate treatment of persons similarly situated to Willis. The EEOC also appeals the district court's admission of evidence regarding Willis' prior employment discrimination lawsuits against other employers. In their cross appeal, General Dynamics requests that we award General Dynamics attorney's fees.

We reverse the district court's exclusion of the EEOC's expert witness and the EEOC's evidence regarding persons similarly situated to Willis, and remand for further proceedings.

I.

*The exclusion of Dr. Kearns' expert testimony*

On November 13, 1991, with trial scheduled to begin on December 16, 1991, General Dynamics moved to exclude the EEOC's expert witness Dr. Kearns because at the time of General Dynamics' deposition of Dr. Kearns, on September 30, 1991, Dr. Kearns could not yet provide General Dynamics with any of his conclusions. The district court denied General Dynamics' motion, but issued an order giving the EEOC five days (until November 18) to file an instrument with the court describing everything done by Dr. Kearns in preparation for the coming trial. The order also required that the EEOC provide General Dynamics with a copy of "each tangible thing" on which Dr. Kearns had relied in forming his opinions.

In an effort to comply with the court's order, the EEOC produced an eighty-two page document for the court regarding Dr. Kearns' preparations and expected testimony. The EEOC also provided General Dynamics with computer printouts of the entire data base constructed by Dr. Kearns (except for documents that the EEOC had previously obtained from General Dynamics itself), all the computer programs Dr. Kearns had used, and the analyses he performed on the data.

On November 27, 1991, at a pretrial conference, General Dynamics complained that the EEOC should have supplied Dr. Kearns' data base and computer programs in the form of a machine-readable computer tape, rather than in the form of a computer printout. General Dynamics

maintained that without the computer tapes it could not sort out the information the EEOC provided it. According to General Dynamics, the computer tapes were essential to make the provided information intelligible.

General Dynamics also complained that not all the documents used by Dr. Kearns were supplied to General Dynamics. The EEOC responded that the only documents not given to General Dynamics were copies of documents the EEOC had received from General Dynamics itself; and that instead of recopying and returning General Dynamics' records to General Dynamics, Dr. Kearns specified which information he used and described where in General Dynamics' records that information could be found.

The district judge ruled from the bench that the EEOC failed to comply with the court's November 13 discovery order, and had not diligently developed its expert testimony. As a sanction for the EEOC's violation of the court's order, the district court excluded the EEOC's expert witness from testifying at trial.

The central question on appeal is whether the district court erred in excluding Dr. Kearns' expert testimony. We review a district court's exclusion of expert testimony for abuse of discretion. *See 1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d 1281, 1288 (5th Cir.1991); *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir.1990).

In reviewing district courts' exercise of discretion in excluding expert testimony, we have previously considered the following four factors: (1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice. *See 1488, Inc. v. Philsec Inv. Corp.,* 939 F.2d at 1288 (applying these four factors in analyzing the exclusion of an expert witness); *Geiserman v. MacDonald,* 893 F.2d at 791 (same). In both of the above cases we applied the four-factor analysis in reviewing the exclusion of an expert witness which resulted because of a party's failure to designate the excluded expert within the time required by the pretrial order or the local rules. While in the instant case the expert witness was excluded as a result of a violation of a discovery order, the same four-factor analysis is appropriate.

Applying this analysis to the case at hand, we find that the district court abused its discretion.

*(1) The importance of Dr. Kearns' testimony:*

General Dynamics does not dispute the fact that Dr. Kearns' expert testimony was absolutely indispensable to the EEOC's disparate impact claim. Without Dr. Kearns' testimony regarding the statistical evidence of discrimination, the EEOC simply could not make the argument that General Dynamics' policies resulted in an unlawful disparate impact on older employees. *See Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 992, 108 S.Ct. 2777, 2788, 101 L.Ed.2d 827 (1988) (noting that statistics are the inevitable focus of disparate impact cases).

*(2) The EEOC's explanation:*

The trial court's November 13 discovery order, which the district court found the EEOC to have violated, required the EEOC to provide General Dynamics all "tangible" things relied on by Dr. Kearns. The EEOC provided General Dynamics with a computer printout of all things relied on by Dr. Kearns, except for materials already in the possession of General Dynamics. The EEOC did not produce the data in the form of a computer tape because it did not understand the court's order to require it to do so. The parties quibble over whether the computer tapes ever existed in "tangible" form. We need not engage in a philosophical disquisition about the tangibility of the computer tapes; the arcane language of philosophy has rarely helped the resolution of legal disputes. Regardless of the metaphysical meaning of "tangible" in a world of computers, the EEOC's explanation, i.e., their common sense understanding that providing the computer printouts to General Dynamics would satisfy the court's order, was reasonable in light of the order's generality and vagueness.

In an analogous context, the Supreme Court has held that a party cannot be held in contempt for violating a court order unless the order stated in specific and clear terms what acts were required or prohibited. *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967); *see also In re Hailey,* 621 F.2d 169, 172 (5th Cir.1980); *Erhardt v. Prudential, Inc.,* 629 F.2d 843, 846 (2nd Cir.1980). The court order in the instant case did not specifically require the EEOC to produce the computer tapes, and we do not think that the production of the computer tapes was clearly implicit in the order.

*(3) Prejudice from allowing Dr. Kearns' testimony, and (4) the possibility of continuance:*

If General Dynamics needed the computer tapes in order to effectively defend against the EEOC's allegations, the absence of the tapes would have obviously prejudiced General Dynamics. However, any such prejudice could have been easily avoided. Upon the EEOC's failure to produce the computer tapes the district court could have clarified its discovery order to specifically require the EEOC to produce the computer tapes, and granted the EEOC a short continuance in which to comply with the clarified order. General Dynamics does not argue that it would have suffered prejudice if the district court had granted a continuance allowing both the EEOC and General Dynamics more time to prepare. In fact, General Dynamics did not oppose two earlier motions for a continuance made by the EEOC.

The above four-factor analysis, outlined by this court in *1488, Inc. v. Philsec Inv. Corp.,* reveals that Dr. Kearns' testimony was crucial to the EEOC's disparate impact claim, the EEOC's failure to comply with the court's order arose from a reasonable interpretation of that order, and whatever prejudice would have resulted from permitting Dr. Kearns to testify could have been cured by a continuance.

We have emphasized that continuance, not exclusion, is the preferred means of dealing with a party's attempt to designate a witness out of order or offer new evidence. *Bradley v. United States,* 866 F.2d 120, 127 n. 11 (5th Cir.1989). In *Bradley,* we explained that "coupled with *appropriate* sanctions, a continuance will serve the court's truth-seeking function while still allowing it to punish and deter conduct that is in violation of the rules." *Id.* (emphasis added). Given the fact that the district court's sanction of total exclusion of Dr. Kearns' expert testimony was tantamount to a dismissal of the EEOC's disparate impact claim, the district court abused its discretion by failing to consider the possibility of lesser sanctions than the total exclusion of the EEOC's expert witness. *See Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.) (a court may dismiss a claim only when lesser sanctions have proved futile), *cert. denied* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1985); *Callip v. Harris County Child Welfare Dept.,* 757 F.2d 1513, 1521 (5th Cir.1985) ("we cannot affirm a dismissal unless the district court expressly considered alternative sanctions and

determined that they would not be sufficient ...").  *See also Cox v. Am. Cast Iron Pipe,* 784 F.2d 1546, 1556 (11th Cir.) ("On appeal we will find abuse of discretion if lesser sanctions will suffice") *cert. denied* 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986).  Imposing sanctions less severe than the complete dismissal of a claim is normally the appropriate mechanism for courts to use in disciplining delinquent lawyers.

General Dynamics correctly emphasizes that we should be "loath to interfere with the [district] court's enforcement of [its] order."  *1488, Inc.,* 939 F.2d at 1289.  However, absent *bad faith,* the sanction imposed by the district court, which amounted to a dismissal of the EEOC's disparate impact claim, was unduly harsh.  *See e.g., McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 557 (5th Cir.1981) (reversing lower court's dismissal for failure to timely file pretrial order where there was *no willful* contempt);  *Batson v. Neal Spelce Assoc.,* 765 F.2d 511, 514 (5th Cir.1985) (dismissal is "authorized only when the failure to comply with the court's order results from willfulness or bad faith").  The EEOC's actions complied with a reasonable interpretation of the court's order and cannot be considered to be in bad faith.

General Dynamics urges this court to consider what it calls the EEOC's "dilatory attitude." The district court's finding that the EEOC was "not diligent" in preparing its expert witness is not supported by any specific findings of the court, and a review of the facts leading up to the court's order and sanction does not reveal any "dilatory attitude" on the part of the EEOC.[1]  We hold that

---

[1] The EEOC filed the instant suit against General Dynamics on August 28, 1989.  On November 1, 1989, the district court ordered discovery to close on February 11, 1991, and trial to begin in March 1991.  On January 25, 1991, the court granted the parties' joint motion for extension of discovery to September 11, 1991, and postponement of the trial date to December 16, 1991.  During the discovery period, the EEOC sought copies of General Dynamics' computerized personnel data records which the EEOC needed in order to develop proof of its disparate impact claim.  The EEOC was not able to obtain the necessary records from General Dynamics until July 19, 1991.  According to the EEOC, Dr. Kearns needed at least three months to analyze the data.  General Dynamics does not argue that this was an unreasonable period of time for such a task.  On August 6, 1991, two weeks after receiving General Dynamics' data, the EEOC filed an unopposed motion seeking to extend discovery and reschedule the trial.  The district court denied the postponement of the trial but extended discovery by a month to October 11th, 1991.  On October 7, the EEOC filed another unopposed motion for extension of expert discovery stating that Dr. Kearns would formulate his opinions by November 17, 1991.  Despite the fact that General Dynamics did not oppose the motion, the EEOC's motion for continuance was denied by the district court.  On November 13, 1991, General Dynamics' made a motion to exclude Dr. Kearns' testimony which led to the court's discovery order at issue.

the trial court's sanction of excluding the EEOC's expert witness was an abuse of discretion.[2]

## II.

*The exclusion of evidence of disparate treatment*

In addition to its disparate impact claim, the EEOC also sought to prove that Willis, and five persons similarly situated to Willis, were subjected to disparate treatment as a result of their age. On December 12, 1991, the district court granted General Dynamics' motion to strike the EEOC's class claim and exclude evidence regarding the persons similarly situated to Willis. The court excluded this evidence as a sanction for the EEOC's failure to adequately respond to portions of General Dynamics' interrogatories which asked the EEOC to identify the individual class members.

General Dynamics filed interrogatories on September 19, 1989, which *inter alia* asked the EEOC to identify by name the similarly situated persons subjected to disparate treatment. The EEOC responded to General Dynamics' interrogatories by identifying the criteria for membership in the class, which included applicants over the age of forty who were rejected for being "overqualified." The EEOC's response also invoked Fed.R.Civ.Proc. 33(c), claiming that General Dynamics itself could identify the specific individuals who met the EEOC's criteria because such information was in General Dynamics' possession.

The EEOC's reliance on Rule 33(c) was misplaced. Rule 33(c) provides:

> *Option to Produce Business Records.* Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records ... and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such an interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records.

A party served with an interrogatory may proceed under Rule 33(c) by providing its own business records for inspection by the serving party; however, Rule 33(c) does not authorize the party being served to tell the serving party that it must find the answer by a search of it own (i.e. the serving party's) records. Thus, the EEOC erroneously invoked Rule 33(c) in response to General Dynamics'

---

[2]While we reverse the trial court's exclusion of the EEOC's expert witness, we express no opinion as to the merits of the EEOC's disparate impact claim.

interrogatory requests.

Regardless of the EEOC's misplaced reliance on Rule 33(c), the EEOC could not have specifically identified the class members as requested by General Dynamics' interrogatory until the EEOC obtained the personnel data records from General Dynamics. The EEOC did not receive these records from General Dynamics until July 19, 1991, nearly two years after General Dynamics' interrogatory requesting the EEOC to identify the class members by name. Prior to obtaining these records, all the EEOC could do was inform General Dynamics of the parameters of the class.

Two months after filing the lawsuit, the EEOC informed General Dynamics that the class was composed of all individuals over the age of 40 who were rejected for the stated reason of being overqualified. General Dynamics cannot claim to have been prejudiced by the EEOC's delay in providing the specific names of the class members because General Dynamics could have determined the members of the class by applying the EEOC's parameters to its own employee data base. The criteria for inclusion in the class consisted of objective facts that General Dynamics has never denied possessing, and the EEOC never wavered from the original class parameters it announced two months after the filing of the lawsuit.

General Dynamics never filed a motion challenging the EEOC's reliance on Rule 33(c), and the district court never ruled that the EEOC misapplied Rule 33(c) before imposing its sanction. The district court also refused to grant the EEOC's unopposed motions for continuance which would have cured any prejudice the court thought General Dynamics suffered from the timing of the EEOC's identification of the class members. Moreover, the district court did not make any findings of bad faith on the part of the EEOC. In a similar case, the Eleventh Circuit reversed the dismissal of a class claim as a discovery sanction, stating that such a dismissal "ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *Cox,* 784 F.2d at 1556. Because there was no bad faith on the part of the EEOC, and because the information necessary for the EEOC to identify the individual victims was in the hands of General Dynamics, the district court's extreme sanction of dismissing the EEOC's class claim was an abuse

of discretion.[3]

Sanctions are a usable weapon for judges to assure that litigants have a fair, legal, and expeditious trial. While we do not wish to disarm district judges, and we pause before treading upon the discretion of trial judges, we emphatically state that sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances. Our judicial wisdom commands us not to review supinely the imposition of sanctions, but to remain alert to the possibility of overkill. In applying this attitudinal concept we find that the conduct of the EEOC lawyers in the case before us does not rise to level of recalcitrance which would justify the imposition of the death penalty on the EEOC's class action claim.

III.

*The admission of evidence regarding Willis' other employment discrimination lawsuits.*

The trial court, over the EEOC's objection, allowed General Dynamics to introduce evidence of prior discrimination charges filed by Willis against other employers. While these prior lawsuits were arguably not relevant,[4] the district court did not err in permitting General Dynamics to raise Willis' other lawsuits on cross-examination because the subject of Willis' other lawsuits was opened by the EEOC's own questioning. On direct examination, the EEOC's lawyer elicited from Willis the fact that Willis had prevailed in another discrimination suit in the Texas Supreme Court. After the EEOC raised the issue of others lawsuits on direct examination, it was appropriate for the trial court to permit cross examination on the same subject.

---

[3]The same analysis applies to the district court's exclusion of evidence regarding General Dynamics' rejection of applicants other than Willis which the EEOC sought to introduce for the purpose of proving that General Dynamics' stated reason for not hiring Willis was a pretext. The court excluded this evidence as a sanction for the EEOC's failure to identify the specific job openings for which the EEOC claimed older workers' applications were denied on the stated basis of the workers' "overqualification." As with the list of the class members, General Dynamics was not prejudiced because General Dynamics was in possession of the information regarding which positions the company filled during the relevant time period. The district court refused to grant a continuance to remedy any possible prejudice from the EEOC's failure to include the specific job openings despite the absence of bad faith on the part of the EEOC.

[4]In *Wrenn v. Gould,* the Sixth Circuit ruled that despite an employee's past administrative actions against a total of 152 employers, "this court cannot find this particular appeal frivolous, unreasonable or unfounded simply because Wrenn is overly litigious." 808 F.2d 493, 505 (6th Cir.1987).

## IV.

*General Dynamics' Cross Appeal*

On cross appeal, General Dynamics claims that it is entitled to recover attorney's fees because the EEOC brought this claim in bad faith. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258-259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). Trial courts enjoy wide discretion in deciding whether to award attorney's fees and General Dynamics provided no evidence showing that the EEOC acted in bad faith. The district court's refusal to grant General Dynamics attorney's fees is affirmed.

## CONCLUSION

For the foregoing reasons, the district court's exclusion of the EEOC's expert witness and evidence regarding persons similarly situated to Willis is REVERSED; the district court's denial of General Dynamics' claim for attorney's fees is AFFIRMED, and this case is REMANDED for further proceedings consistent with this opinion.