EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

BUFFALO BROADCASTING CO., INC.,
as owner and operator of WIVB–
TV, Defendant.

No. 93–CV–977A.

United States District Court,
W.D. New York.

July 13, 1995.

E.E.O.C. (Deborah Reik, of counsel), New York City, for plaintiff.

Hodgson, Russ, Andrews, Woods & Goodyear (Paul I. Perlman, of counsel), Buffalo, NY, for defendant.

## DECISION AND ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Leslie G. Foschio on April 6, 1994, pursuant to 28 U.S.C. § 636(b)(1). On December 1, 1994, Magistrate Judge Foschio filed an Order granting in part and denying in part defendant's motion to compel discovery. Plaintiff appealed the Order on December 27, 1994. Defendant filed a response on January 5, 1995. The Court heard argument on July 12, 1995.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.*

Having carefully reviewed Magistrate Judge Foschio's Order and the submissions of the parties, and after hearing argument from counsel, the Court finds that the December 1, 1994 Order was neither clearly erroneous or contrary to law.

Accordingly for the reasons set forth in Magistrate Judge Foschio's Order, the Court affirms the December 1, 1994 Order.

IT IS ORDERED that this matter is referred back to Magistrate Judge Foschio for further proceedings.

IT IS SO ORDERED.

## ORDER

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned by the Honorable Richard J. Arcara on April 6, 1994 for determination of any non-dispositive motions. The matter is presently before the court on Defendant's motion to compel discovery, dated October 13, 1994.

### BACKGROUND AND FACTS

Plaintiff filed this action under the Age Discrimination in Employment Act ("ADEA"), 29 § 621 *et seq.*, on December 8, 1993. Charles Bloom was denied employment by Buffalo Broadcasting, WIVB–TV, Channel Four on October 1, 1991. Plaintiff alleges that Bloom was denied employment because of his age, and in retaliation for his filing a discrimination charge against his former employer, WUTV.

On October 13, 1994, Defendant filed this motion to compel discovery. Specifically, Defendant seeks responses to Defendant's First Set of Interrogatories Nos. 4, 5, and 6, and Document Production Request Number 4, dated February 15, 1994. Plaintiff submitted a response to Defendant's motion to compel on November 9, 1994.

For the reasons set forth below, Defendant's motion to compel discovery is GRANTED, in part, DENIED, in part.

### DISCUSSION

Defendant requests an order compelling Plaintiff's responses to Defendant's First Set of Interrogatories Nos. 4, 5 and 6 dated February 15, 1994. At oral argument, held November 21, 1994, Plaintiff agreed to supplement, based upon a further interview with Complainant, Charles Bloom, its Response to Interrogatory No. 6 regarding Bloom's experience in selling advertising for a television station with a news department or regular newsroom operation. Plaintiff also agreed to supply a further detailed response to Defendant's Interrogatory No. 5, particularizing any subsequent account executive positions Complainant was discriminated against. As to these requests, Defendant's motion is therefore DISMISSED as moot.

Remaining for decision is Defendant's First Interrogatory Request No. 4 and its related Request for Production and Inspection of Documents. Interrogatory Request No. 4 contains six subparts. At oral argument, the parties agreed that only subparagraph (d), relating to the disposition of a prior employment discrimination charge referred to in paragraph 7 of the Complaint, alleging retaliation in violation of 29 U.S.C. § 623(a) and (d), required decision. Plaintiff contends that as such dispositions are not binding upon the trial of an ADEA claim, the request is irrelevant. Plaintiff has, however, agreed to provide responses as to certain other particulars regarding the prior charge such as the date of filing, against whom the charge was filed, the agency which processed the charge, the date Defendant learned of the charge, who notified Defendant of the charge and which of Defendant's employees was so notified. Defendant's Document Request is somewhat broader and seeks records referring to or relating to any age discrimination complaints by Bloom against employers other than Defendant from 1980 to date, together with documents reflecting any agency determinations.

Defendant contends the disputed requests may reveal information tending to show that Bloom has filed baseless discrimination claims, and provides a foundation of a legal defense that a retaliation claim does not lie where the prior charge was frivolous.

First, unlike Title VII, *see* 42 U.S.C. §§ 2000e *et seq.*, ADEA does not provide any special rule against disclosure of EEOC determinations. *See* 29 U.S.C. § 621 *et seq.* Evidence of a plaintiff's other job discrimination charges may, standing alone, be irrelevant to an age discrimination claim. *See EEOC v. General Dynamics*, 999 F.2d 113, 119 (5th Cir.1993). However, as noted, here the prior charge is alleged to form the predicate for a retaliation claim. Further, Defendant seeks documents pertinent to Bloom's age discrimination claims in order to mount a legal defense based on their frivolous nature. Significantly, Plaintiff does not argue that such a defense is not available, rather, it

relies on a general objection based on lack of relevancy. Defendant also contends that, depending upon the scope of Bloom's trial testimony, the requested discovery may also lead to information bearing upon Bloom's credibility, which, depending on the scope of Bloom's trial testimony, may provide a basis for impeachment. Under these circumstances, it cannot be said that the interrogatory and document request are not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed.R.Civ.P. 26(b)(1). Plaintiff shall therefore respond to Defendant's Interrogatory 4(d) and Document Request No. 4.

### CONCLUSION

Defendant's motion is GRANTED, in part and DENIED, in part.

SO ORDERED.

Dated: December 1st, 1994

Buffalo, New York