**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-20035**
**Summary Calendar**
_____


**STEVEN STEVENSON,**

**Plaintiff-Appellee,**

**v.**

**LORIE L. GREEN, ET. AL.,**

**Defendants,**

**LORIE L. GREEN,**

**Defendant-Appellant.**



_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-92-1794)
_____

January 28, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

There seems to have been a series of miscommunications in
this case involving the district court as well as defense counsel.

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Our reading of the record does not justify the court's imposition of a sanction on Green, much less the entry of a default judgment against her. The district court may have misread the record that developed before a magistrate judge and another district judge, but his reproofs of Green were too severe. We reverse and remand.

Judge Kenneth Hoyt conducted a hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) in this § 1983 suit by a male prisoner against, inter alia, a female guard for sexual harassment. A representative of the Texas Attorney General's office who was not the attorney of record appeared on behalf of the defendants. After listening to Stevenson's allegations about Green's conduct and that he had not received a hearing on his grievances, Judge Hoyt dismissed Stevenson's claim against Warden Peterson because there was no evidence of any personal involvement by Peterson, but he ordered the "defendants", including Green, to be served "if she has not been served" and the "Director of TDCJ" to respond within 120 days from the date of the hearing. Elaborating on his order, Judge Hoyt explained that an order would be issued to all counsel that they must submit

> any records, business records or copies or additional documents relative to the Plaintiff's claim, including copies of all grievances that the Plaintiff has filed that are on file with the adminis -- with the appropriate department, including the Internal Affairs, directing that they also deliver copies of any records or files that they might have to be attached to this motion and made a part of the -- any motion filed.
> Following that motion, Mr. Stevenson, you'll be given 45 days to respond, if you believe it's necessary, to the motion filed by the Defendants. Failing to

2

respond could result in dismissal of your case, so make sure you understand that you have an appropriate responsibility or a responsibility to respond appropriately once the motion has been filed.

The minutes from the hearing stated that the defendants were "ordered to filed a motion for summary judgment within 120 days, accompanied by sworn copies of the relevant records." A written order was not mailed to counsel, and neither Lynaugh nor TDCJ were served.

Over six months later and after the defendants failed to file any further motion, Stevenson moved for a default judgment. No certificate of service accompanied the motion. Judge Hughes, the assigned judge, struck Green's answer and sanctioned Green, Lynaugh, and "the Texas Department of Criminal Justice Administration" $100 each for failing to comply with Judge Hoyt's order.

Green requested that the court reconsider its ruling. Green noted that neither Lynaugh nor TDCJ had been served, that her counsel of record had not received a copy of Judge Hoyt's order or Stevenson's default motion, and that counsel learned of Judge Hoyt's order only after Judge Hughes sanctioned the defendants. Green also filed a "first amended answer and jury demand." About a month later, Green also requested that she be given a month to file her motion for summary judgment. Green averred that there were no factual questions remaining and that her failure to file

the motion was not "intentional." Counsel "humbly" requested that Green not be punished for "an inadvertently missed deadline." Id.

The court granted the extension, but by the time the court acted, the extension of time had already passed and Green had not filed any other motion. Within a week of the court's order, Green filed a motion for summary judgment, in which she swore that she did not even touch Stevenson, much less fondle him.

Stevenson responded, although his response is not in the record. Stevenson also reurged his motion for a default judgment.

The court ordered that Green's amended answer be stricken because it was filed without leave, that the monetary sanction imposed against Lynaugh and TDCJ be refunded, that Stevenson take "a judgment nil dicit" against Green on liability, and that the parties file affidavits regarding damages.

Green moved to vacate the court's order, for leave to file her first amended answer out of time, and to strike Stevenson's motions for default judgment. Green argued that the sanction imposed by the district court, granting judgment in favor of Stevenson, was too harsh and that the district court failed to consider less severe sanctions.

Stevenson submitted an affidavit averring that he suffered $250,000 in actual damages, and he requested an additional $250,000 for punitive damages and mental anguish. Green countered that Stevenson offered only conclusional allegations of injury and, thus, was not entitled to damages.

4

The district court granted Stevenson a default judgment, explaining that

> This case is yet another example of the attorney general failing in his duty. On June 28, 1994, the attorney [sic] general appeared at a <u>Spears</u> hearing where Judge Kenneth Hoyt ordered him to move for summary judgment within 120 days. When the attorney general failed to move or otherwise answer, this court granted Stevenson a default judgment.

The court held that Green, Lynaugh, and TDCJ were jointly and severally liable to Stevenson for $600 in damages for Stevenson's being fondled without his consent.[1]

Only Green timely appealed. Green argues that the district court abused its discretion in imposing a sanction, given that the court never served a written order regarding the necessity of filing a motion and the oral order was unclear. Green contends that the court's statements during the hearing could be construed to mean that a motion was not required to be filed by her and that she was denied due process because a copy of the motion for default was not served on her and the court ruled on the motion within 7 days, rather than the 20 days allowed by local rule. Before the <u>Spears</u> hearing, she had filed a motion to dismiss. Even if there was a basis for imposing a sanction, Green argues, the district court abused its discretion in entering a default judgment against her because she did not engage in wilful misconduct or act in bad faith, she actively prosecuted this case, timely opposing every

---

[1]The district court subsequently vacated judgment against Lynaugh and TDCJ, which were never served.

5

motion filed by Stevenson and served upon her, and the court failed to consider alternative, less severe sanctions.

This court has confined the sanction of dismissal under the district court's inherent power to instances of "bad faith or willful abuse of the judicial process." E.E.O.C. v. General Dynamics, 999 F.2d 113, 119 (5th Cir. 1993)(noting that the "death penalty" sanction of striking pleadings is appropriate "only under extreme circumstances" such as willfulness or bad faith). When the district court imposes such a "death penalty" sanction, this court may also consider whether a less severe remedy would be more tailored to the specific misconduct at issue. See Pressey 898 F.2d at 1021.

This court reviews a district court's imposition of sanctions under its inherent power for an abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32, 55 (1991); Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1023 (5th Cir 1994). Further, a district court's judgment of default, which is the substance of the nil dicit judgment entered here, is reviewed for abuse of discretion and its subsidiary findings of fact for clear error. CJC Holdings v. Wright & Lato, 979 F.2d 60, 63-64 (5th Cir. 1992). This court favors adjudicating cases on their merits; accordingly, even a slight abuse of discretion may justify reversal. Id. at 63 n.1.

Green's counsel does not argue that she did not know about the Spears hearing. A representative of the state Attorney

6

General's office attended the <u>Spears</u> hearing on behalf of the defendants and heard the judge's order to file an appropriate motion in response to Stevenson's complaint. But, as Green points out, whether the court intended for Green to file the motion is unclear, as the court specifically ordered TDCJ to file a motion. TDCJ, however, was never served. Even if Green should have filed the motion, the district court's use of the so-called "death penalty" is unduly harsh. The district court imposed monetary sanctions, struck Green's answer and amended answer, and entered judgment <u>nil dicit</u> in favor of Stevenson, without any consideration whether alternative sanctions would be appropriate. The record does not demonstrate bad faith, willful abuse of the judicial process, or other such extreme circumstances warranting such sanctions. <u>See</u> <u>E.E.O.C. v. General Dynamics</u>, 999 F.2d at 119. On the contrary, Green tried to protect her interests at every turn, from the initial motion to dismiss to responding promptly to every pleading and order of which she was aware -- save the vague oral order emanating from the <u>Spears</u> hearing. Her one misstep did not deserve the severe sanctions, which constitute an abuse of discretion. Accordingly, the district court's judgment <u>nil dicit</u> must be **VACATED** and the case **REMANDED** to allow Green to present any defenses she may have available against Stevenson's claims.

  **VACATED** and **REMANDED**.