# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2023

Lyle W. Cayce
Clerk

―――――――

No. 22-40224

―――――――

Christy Williams,

*Plaintiff—Appellant*,

*versus*

American Honda Motor Company, Incorporated,

*Defendant—Appellee*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-22

―――――――――――――――――――――――

Before Richman, *Chief Judge*, and Dennis and Ho, *Circuit Judges*.
Per Curiam:[*]

Following a car accident, Plaintiff Christy Williams brought suit against Defendant American Honda Motor Company, Inc. After an acrimonious discovery process, the district court granted Defendant's motion to strike Plaintiff's expert witnesses. Because expert testimony was necessary for the suit to proceed, the district court also granted summary judgment in favor of Defendant. Plaintiff appeals, asserting that the district

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court failed to apply the appropriate tests. We disagree, and affirm the district court.

## I.

Plaintiff was driving her car—a Honda Civic designed, manufactured, and marketed by Defendant—when it collided with another vehicle. The force of the collision caused the airbags to deploy in Plaintiff's vehicle. Plaintiff was subsequently treated for an eye injury.

Plaintiff filed suit in the 241st Judicial District Court of Smith County, Texas against Defendant as well as Honda Motor Company Ltd.—Defendant's Japanese parent company—and the driver of the other vehicle involved in the collision. Plaintiff alleged that the airbag deployed improperly as a result of the collision and caused her eye injury, for which she sought damages. Defendant removed the case to federal court in the Eastern District of Texas based on diversity after Plaintiff dismissed the claims against the other driver and the Japanese firm. *See* 28 U.S.C. § 1332(a), 1441(b); Tex. R. Civ. P. 162.

Plaintiff designated two engineers as expert witnesses: Wayne Bradley to address airbag system design and performance and Dr. Chandra Thorbole to address occupant kinematics and biomechanics. After repeated delays and negotiation—in which Plaintiff repeatedly suggested that Plaintiff's willingness to produce her experts was predicated on the availability of Defendant's corporate representative—the parties scheduled depositions of Bradley and Thorbole. Additionally, Plaintiff noticed a deposition of Defendant's corporate representative, but cancelled the afternoon before due to a medical emergency in Plaintiff's counsel's family and stated: "Given the circumstances, and the deadlines in the case, we will not seek to depose him again."

No. 22-40224

Less than 24 hours before Bradley's scheduled deposition, Plaintiff began to demand dates for depositions of Defendant's expert witnesses. Plaintiff threatened to withhold Bradley from the scheduled deposition unless Defendant committed in writing to allow its experts to be deposed. Defendant refused, and Plaintiff informed Defendant that Bradley would not appear.

The day after Bradley's scheduled deposition, Defendant filed supplemental disclosures, including a report of a test conducted to recreate the collision as well as two new witnesses: Siyang Yang, the Honda corporate representative, and Charles Crosby, the supervisor of the crash test. In response, Plaintiff cancelled the Thorbole deposition four days before it was scheduled, refusing to allow it until after Plaintiff inspected Defendant's collision recreation test. On the same day, Plaintiff unilaterally noticed depositions for five of Defendant's witnesses set to begin one week later, despite the impending Thanksgiving holiday and Defendant's offer of specific dates after the holiday season to schedule the depositions.[1]

Defendant immediately moved for a protective order. Additionally, Defendant moved to strike Bradley and Thorbole as expert witnesses—alleging that Plaintiff's handling of the matter amounted to sanctionable misconduct—and for summary judgment.

_____

[1] Plaintiff alleges that Yang and Crosby were expert witnesses—and thus that Defendant's filing violated the operative scheduling order. The purpose of their testimony as described in the disclosure—"testimony . . . of a factual nature as it relates to the development, design, and testing of the seatbelt, airbag, and sensing systems in the 2017 Honda Civic sedan" and "the circumstances of the crash test demonstration and provide foundational evidence supporting the admissibility of the demonstration"—does not support such a conclusion, though the disclosure does state: "To the extent [Yang's] background and experience qualifies him to provide testimony of an expert nature or to the extent his testimony is considered as expert opinion, [Defendant] designates him accordingly."

Subsequently, Plaintiff and Defendant filed their Joint Final Pretrial Report, which listed Defendant's motion to strike as a pending motion and "request[ed] a setting for a Pre-Trial Conference . . . to obtain a ruling from the Court regarding any unresolved issues prior to trial."  The district court then held the conference, hearing argument on these issues.  Four days later, the district court granted both Defendant's motion to strike and motion for summary judgment.  Plaintiff appealed.

## II.

A district court "has broad discretion in fashioning its sanction."  *L. Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019).  While that "discretion . . . is quite broad," it is "not unlimited."  *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993).  The court of appeals "must decide . . . not whether this Court would have imposed the same sanctions as did the district court," but rather "whether the district court abused its discretion."  *Id.*  And the court of appeals "review[s] the district court's factual findings underpinning its sanction order for clear error."  *L. Funder*, 924 F.3d at 758.

## III.

## A.

"On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  FED. R. CIV. P. 16(f)(1).  "If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders"—specifically, "sanctions."  FED. R. CIV. P. 37(b)(2)(A).  In general, "Rule 37(b)(2) contains two standards—one general and one specific—that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular

No. 22-40224

'claim' which was at issue in the order to provide discovery." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

A "district court must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party'; and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *L. Funder*, 924 F.3d at 758–59 (quoting *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)).

## B.

As the district court made clear, "Texas . . . requires expert testimony to support products-liability causes of action, including cases where airbag deployment is at issue." *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006). By striking Bradley and Thorbole, the district court's sanction removed a necessary component for Plaintiff's claim to survive Defendant's motion for summary judgment. Plaintiff argues that striking her experts constitutes a litigation-ending sanction, requiring the *Conner* factors to be satisfied—some of which, such as client responsibility, lack support in the record.

The problem with this argument is that it conflicts with a clear distinction in black-letter law. "Preclusion orders"—which include the exclusion of expert witnesses—"are . . . not as drastic as dismissals or defaults." Gregory P. Joseph, The Federal Law of Litigation Abuse § 49 (2021). "Sometimes a preclusion order may be tantamount to a dismissal or default order—that is, the party whose evidence is stricken may be unable without it to mount a prima facie case or defense. However, the difference between the two types of order is not insignificant." *Id.* As the Supreme Court explained, "[t]hat a particular legal consequence

5

. . . follows from [a sanction] does not in any way affect the appropriateness of the sanction." *Ins. Corp. of Ireland*, 456 U.S. at 709.

"[M]any Circuits"—including this Court in *Conner*—"have adumbrated detailed tests that must be satisfied before the sanction of dismissal (but not preclusion) may be ordered. If a preclusion order is an appropriate sanction in light of the violation, however, it is unlikely to be reversed even though it results in a dismissal or default." JOSEPH, *supra*, § 49. We apply *Conner* only when a sanction order has the formal effect of ending the litigation. *See In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 966 F.3d 351, 357 (5th Cir. 2020) (dismissal); *Cruz v. Maverick Cnty.*, 957 F.3d 563, 569 (5th Cir. 2020) (dismissal); *L. Funder*, 924 F.3d at 757 (striking pleadings); *Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 316 (5th Cir. 2013) (dismissal); *Conner*, 20 F.3d at 1380 (dismissal). *See also Vikas WSP, Ltd. v. Econ. Mud Prod. Co.*, 23 F.4th 442, 447 (5th Cir. 2022) (applying *Conner* when construing a sanction striking pleadings as striking all the sanctioned party's post-settlement motions when the district court had relinquished jurisdiction except to enforce the parties' settlement). We see no convincing reason to depart from this approach.

"When a district court excludes expert testimony as a sanction for a violation of a discovery order, we determine whether the court's action is an abuse of discretion by examining four factors: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of

the witnesses' testimony." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).[2]

The district court carefully considered each of these factors in fashioning its sanction. Its order carefully examines Plaintiff's rationale for cancelling the depositions and refusing to make its experts available, finding Plaintiff's resort to self-help inexcusable. It grapples with the importance of the testimony to Plaintiff's case, and weighs it against the importance of the deposition to Defendant's and the importance of enforcing the rules and scheduling orders. And it explains why "yet another continuance" as a reward for Plaintiff's behavior would be unjustified. Accordingly, we affirm.

––––––––––––––––––––––––––––

[2] Plaintiff argues that the district court's analysis must consider four specific factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020) (citing *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). But this test is used for failure to designate or disclose witness testimony. *See Complaint of C.F. Bean*, 841 F.3d at 372; *Geiserman*, 893 F.2d at 791. And its first factor— the explanation for the failure to identify the witness—plainly does not make sense in the present context. Nevertheless, we have found it "appropriate" to apply a version of that test that reformulates that factor as "the explanation of the party for its failure to comply with the court's order" when "the expert witness was excluded as a result of a violation of a discovery order." *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).