**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**PARK RIDGE PUBLIC LIBRARY, Park, Ridge Public Library Board, and City of Park Ridge, Defendants.**

No. 94 C 00350.

United States District Court, N.D. Illinois, Eastern Division.

June 28, 1994.

John C. Hendrickson, U.S.E.E.O.C., Chicago, IL, for plaintiff.

Colleen C. Coburn, Knight, Hoppe, Fanning & Knight, Ltd., Des Plaines, IL, for defendants.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the Motion to Dismiss of Defendants Park Ridge Public Library Board and City of Park Ridge ("Park Ridge"). For the reasons stated below, the motion is denied.

### BACKGROUND

The United States Equal Employment Opportunity Commission ("EEOC") filed a complaint with the court in January 1994. EEOC alleges that Park Ridge terminated two of its employees in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). 29 U.S.C. §§ 621–634. The EEOC claims that Park Ridge fired Carl Ostling ("Ostling") in December 1990 because he objected to the proposed discharge of Joseph Bawolek ("Bawolek"). EEOC also claims that in May 1991 Park Ridge fired Bawolek, who was seventy-nine years old at the time, because of his age.

### DISCUSSION

▬ On a motion to dismiss, the court accepts all well-pleaded factual allegations as true, as well as all reasonable inferences drawn from those allegations. *Mid America Title Co. v. Kirk*, 991 F.2d 417, 419 (7th Cir.1993). Because federal courts simply require "notice pleading," this court must construe pleadings liberally. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, — U.S. ——, ——, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). A complaint's mere vagueness or lack of detail is not sufficient to justify a dismissal. *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985). A complaint need not specify the correct legal theory or point to the right statute to survive a motion to dismiss. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134–35 (7th Cir.1992) (citing *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992)).

▬ In *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 79 (7th Cir.1992), the Seventh Circuit Court of Appeals explained how liberal notice pleading is in a motion to dismiss. When defending against a motion to dismiss, a plaintiff may "allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment." *Id.* The court will interpret ambiguities in a complaint in plaintiff's favor, not defendants. *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir.1994). In fact, federal court standards for notice pleading are so lenient that, on appeal, the Seventh Circuit will allow an appellant to present facts which were not in the district court record—or an "unsubstantiated version of the events"—to demonstrate that the district court should not have dismissed the complaint. *Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir. 1992).

▬ In construing reasonable inferences, however, the court need not stretch allegations beyond their sensible and reasonable implications. *Chan v. City of Chicago*, 777 F.Supp. 1437, 1440 (N.D.Ill.1991). Moreover, although a party fails to state a claim upon which relief may be granted only if that party can prove no set of facts upon which to grant legal relief, *Ross v. Creighton Univ.*, 957 F.2d 410, 413 (7th Cir.1992), that party must allege all elements of the asserted cause of action necessary for recovery. *Ellsworth v. City of Racine*, 774 F.2d 182, 184

(7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

■ The court's first concern is the proper characterization of Park Ridge's motion. Because materials outside the pleading were submitted in the briefing process, the court should consider whether to treat Park Ridge's Motion to Dismiss as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b):

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56....

Fed.R.Civ.Pro. 12(b). When considering materials outside the pleadings, it is in the court's discretion to characterize a motion as one for summary judgment. *See St. Paul Ins. of Bellaire v. Afia Worldwide Ins.,* 937 F.2d 274, 277 (5th Cir.1991) ("When material outside the pleadings is considered, however, the court will generally exercise its discretion to treat the motion as one for summary judgment."). For purposes of this motion, the court excludes from consideration those materials that are outside the four corners of the complaint, and treats Park Ridge's motion as a motion to dismiss.

■ The court's second concern is also procedural. The issue is whether Park Ridge's main assertion—that EEOC violated the statute of limitations pursuant to 29 U.S.C. § 626(e)—may be presented in a motion to dismiss. The Federal Rules of Civil Procedure provide that a statute of limitations defense is an affirmative defense which should be set forth "in pleading to a preceding pleading." Fed.R.Civ.Pro. 8(c). However, "[t]he running of the statute of limitations, which is an affirmative defense, will be an appropriate ground for dismissal if it 'clearly appears on the face the complaint.'" *Rylewicz v. Beaton Services, Ltd.,* 698 F.Supp. 1391 (N.D.Ill.1988) (citations omitted); *see Vaughan v. Grijalva,* 927 F.2d 476, 479 (9th Cir.1991); *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980); *King v. Federal Deposit Ins. Corp.,* 785 F.Supp. 58, 59 (D.Vt.1992) (citing 2A Moore and Lucas, *Moore's Federal Practice* ¶ 12.10 (2d ed. 1991)). In order to grant a motion to dismiss on limitations grounds, the complaint must facially show noncompliance with the limitations period. *Morgan v. Kobrin Securities, Inc.,* 649 F.Supp. 1023 (N.D.Ill.1986). Because the face of the complaint in this matter does evince a limitations issue, Park Ridge's defense is appropriately raised in its motion to dismiss.

Park Ridge argues that 29 U.S.C. § 626(e) (referring to 29 U.S.C. § 255) provides for a two year limitations period which EEOC violated by filing this action in January 1994 although the two incidents complained of occurred in December 1990 and May 1991. In its Response, EEOC argues that it may avoid the limitations bar by establishing that Park Ridge acted willfully, which would extend the limitation period to three years, and that EEOC attempted conciliation, which would toll the limitation period for an additional year.

■ The court is mindful of the decision in *Morgan,* 649 F.Supp. 1023. The *Morgan* court held that a limitations challenge would not be granted unless there is no question but that the plaintiff violated the statute. *Id.* at 1028 (using this standard in deciding a securities fraud case). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon,* 614 F.2d at 682; *see also Vaughan v. Grijalva,* 927 F.2d 476, 478 (9th Cir.1991). However, where the " 'plaintiff by the allegations of his complaint erected the limitation bar ... it is his duty in order to extricate himself therefrom to plead any exceptions upon which he relied.' " *Rylewicz,* 698 F.Supp. at 1398 (citing *Kincheloe v. Farmer,* 214 F.2d 604, 605 (7th Cir.1954)). Since EEOC's complaint does raise a limitations issue, it must have pled exceptions.

■ To ascertain whether EEOC pled any exceptions to the limitation bar, the court first addresses EEOC's willfulness argument. As mentioned above, the court will

only refer to the face of the complaint to determine whether EEOC alleged facts to establish willfulness, as the term is currently defined. *See Shager v. Upjohn Co.,* 913 F.2d 398, 406 (7th Cir.1990). In *Shager,* the Seventh Circuit Court of Appeals explained that the term willful as used in the ADEA was meant to protect the employer who violated the act without knowing it. *Id.* The *Shager* court held that an employer's actions are willful "only if the employer knew he was violating the Act or ... was indifferent to whether he was violating it or not: the state of mind the law calls 'reckless disregard.'" *Id.* (citing *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). Under this standard, EEOC must have alleged some fact that pointed to reckless disregard on the part of Defendant. However, this is a motion to dismiss, and Rule 9(b) provides that only fraud must be factually alleged, not state of mind. Fed. R.Civ.P. 9(b). Therefore, willfulness need not be factually alleged. In *Early,* the Seventh Circuit articulated how generously it would interpret notice pleading. 959 F.2d at 79. The court held that "[t]he plaintiff can plead a conclusion—that the charge of discrimination was timely—and then if the conclusion is questioned in a motion or a brief hypothesized [sic] facts that if proved would establish it." *Id.* at 79.

Here, EEOC alleged in the complaint that Park Ridge discharged "Joseph Bawolek from his position as custodian because of his age, seventy-nine," (Compl. ¶ 11), and that the conduct complained was "willful within the meaning of the ADEA," (Compl. ¶ 14). Following the directive of the Seventh Circuit as enunciated in *Early,* the court is bound to find that EEOC sufficiently alleged willfulness to avail itself of the three year limitation period. *See* 959 F.2d at 79. Accordingly, EEOC states a claim of an ADEA violation premised on the willful discharge of Joseph Bawolek pursuant to 29 U.S.C. § 623.

■ To ascertain whether the complaint of Ostling's discharge falls within the limitation period, the court addresses EEOC's conciliation argument. Pursuant to 29 U.S.C. § 626(e)(2), the statute of limitations may be tolled up to one year for the period during which the EEOC attempts compliance with the ADEA's requirements through conciliation. Therefore, together with the extension for willful violations, conciliation may extend the statute of limitations for a total of four years. *O'Rourke v. Continental Casualty Co.,* 983 F.2d 94, 95 (7th Cir.1993).

■ The conciliation period begins, thereby tolling the filing period, when the EEOC issues a letter of violation. *E.E.O.C. v. Barrett, Haentjens & Co.,* 705 F.Supp. 1065, 1069 (M.D.Pa.1988) (citing the Congressional and Administrative News); *U.S. Equal Employment Opportunity Commission v. Francis W. Parker School,* 91 C 4674, 1993 WL 106523, at *4 (N.D.Ill. Mar. 24, 1993) (holding that EEOC phone calls served to commence the tolling period); *but see Equal Employment Opportunity Commission v. General Dynamics Corp.,* 849 F.Supp. 1158, 1162–63 (N.D.Tex.1994) (holding that tolling only applies for the period in which a plaintiff is actively seeking conciliation). Defendant argues that EEOC failed to set forth the dates of the attempted conciliation to define when the tolling commenced and concluded. However, again applying the standard outlined in *Early,* there may be facts that, if alleged and proved, could toll the statute of limitations, thereby allowing the Ostling allegation to survive. *See* 959 F.2d at 79. Accordingly, adhering to the liberal *Early* standard for viewing complaints for motions to dismiss, the court is obliged to find that the alleged unlawful practices in regard to Ostling are not time barred.

As an alternative argument, EEOC contends that Congress repealed the Portal to Portal Act, which outlined the limitations period for the EEOC, in the amended Civil Rights Act of 1991. 29 U.S.C. § 626(e) (Supp.1994). As amended, the statute does not express a limitations period within which the EEOC must file a claim. *See id.* The Defendant argues that the amended 1991 act is not retroactive, thus, the old statute of limitations applies in this matter. As authority, Defendant cites to two United States Supreme Court cases decided on April 26, 1994, *Landgraf v. USI Film Indus.,* — U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) and *Rivers v. Roadway Express,* — U.S.

——, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994). However, since the court finds that EEOC satisfied the statute of limitations as it stood before the 1991 amendment, the court need not decided the applicability of the 1991 amendment at this juncture. The court may revisit the issue of the 1991 amendment, though, if a motion for summary judgment is filed and EEOC fails to satisfy the more stringent standard for either the requirements of willfulness or conciliation.

### CONCLUSION

For the foregoing reasons, Park Ridge's Motion to Dismiss is denied. IT IS SO ORDERED.