# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 9, 2012

No. 11-30383

Lyle W. Cayce
Clerk

SANDRA HARMON; MARVA HARMON ARVIE, individually and also known as Marva Harmon Guidry, on behalf of Jasmine T. Harmon,

Plaintiffs - Appellants

v.

GEORGIA GULF LAKE CHARLES L.L.C.; AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-3000

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Sandra Harmon, Marva Harmon Arvie, Jasmine Harmon, Braylon Guidry, and Ricky Harmon (collectively, "Appellants") appeal the district court's orders excluding several of Appellants' expert witnesses and denying their motion for a continuance, which caused them to conclude that they had insufficient evidence upon which to proceed to trial against Georgia Gulf Lake Charles

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30383

L.L.C. ("Georgia Gulf") and American International Specialty Lines Insurance Company ("American International"). As a result, their claims were dismissed.[1] Finding no abuse of discretion, we AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

In 2006, a fire and explosion at Georgia Gulf's chemical facility resulted in the release of chemicals into the air; another such alleged release occurred in 2007. Appellants claim to have been injured by exposure to the toxic chemicals. Appellants filed suit against Georgia Gulf and American International in 2007, which Georgia Gulf removed to federal court. Appellants opted out of a class action settlement that occurred in 2010 and chose to pursue this suit individually.

The magistrate judge entered a scheduling order, which was agreed to by the parties, requiring Appellants to provide their expert reports to Georgia Gulf and American International by December 9, 2010. The scheduling order specifically provided that "[n]o testimony from any plaintiff's expert who is required to submit a Fed. R. Civ. Pro. 26(a)(2)(B) report and who fails to do so by this deadline will be allowed during the trials set to commence on March 21, 2011." The scheduling order provided a procedure for notifying opposing counsel in the event of any changes to the expert's opinion after the deadline.

On or just before the deadline, Appellants filed what purported to be their expert reports. The "report" of Dr. Cary Rostow ("Rostow") consisted of a two-page letter discussing some of the Appellants' medical records. Doctors Gary Miller ("Miller") and John Black ("Black") signed a joint three-page memorandum. Appellants later served three documents with additional

---

[1] In addition to the issues discussed below, for the first time in their reply brief, Appellants also raise a due process argument; however, by failing to raise it in their principal brief, this argument is waived. *United States v. Jackson*, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995) ("It is well-settled that, generally, we will not consider issues raised for the first time in a reply brief.").

2

No. 11-30383

information on Georgia Gulf and American International, contending that these documents "supplemented" Miller and Black's expert report. Georgia Gulf and American International filed two motions in limine to exclude both Rostow's and Miller and Black's expert reports, alleging that they failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), and that the experts' testimony was inadmissible under Federal Rules of Evidence 401 and 702. The court granted the motions and excluded the reports.

Approximately five weeks prior to trial, Appellants moved to continue the trial date, arguing that a continuance was necessary so that they could adequately prepare their experts in light of Georgia Gulf's alleged delayed production of technical data. Appellants also argued that they needed additional time to prepare in light of the district court's decision to exclude Rostow's expert report. The district court denied the motion.

Later, the court excluded the testimony of Doctors Harold Brandt ("Brandt") and Vincent Wilson ("Wilson") because Appellants failed to timely designate them as witnesses on their "will-call" witness list. Appellants realized their error and amended the list on the Friday morning before trial, which was scheduled to begin on Monday. Georgia Gulf and American International alleged that this late amendment prejudiced them because they assumed that Appellants would not call the two doctors at trial and prepared accordingly. The court granted Georgia Gulf and American International's motion to strike Wilson and Brandt from Appellants' witness list.

Additionally, just five days before trial, Appellants filed a motion for sanctions against Georgia Gulf for Georgia Gulf's alleged failure to timely provide documents which were necessary for Appellants to prove causation and which allegedly resulted in Appellants' failure to timely comply with the court's scheduling order. The magistrate judge denied the motion for sanctions, and

No. 11-30383

Appellants filed objections with the district court. However, they failed to obtain a ruling from the district court.

On the day of trial, Appellants conceded that they could not prove their case without the testimony of Rostow, Black, Miller, Brandt, and Wilson, and the court dismissed the case with prejudice to allow an appeal of the rulings excluding the experts. Appellants timely appealed.

## II. JURISDICTION

We have jurisdiction over the district court's decisions excluding Appellants' experts and denying a continuance pursuant to 28 U.S.C. § 1291. Although neither party raised the issue of whether we have jurisdiction to review the magistrate judge's decision denying Appellants' motion for sanctions, we must examine the basis of our jurisdiction on our own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). The magistrate judge denied Appellants' motion for sanctions, and Appellants filed objections in the district court; however, the record reveals that the district court did not rule on Appellants' objections. Therefore, "we must first ensure that we have subject-matter jurisdiction to consider Appellant[s'] challenge to the magistrate judge's [sanctions] order." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 219 (5th Cir. 2000).

Normally, "[a] magistrate judge's order issued under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) only becomes final once the district court makes it final." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 868 (5th Cir. 2000). Here, there is no indication that the district judge made the order final. In *Alpine View Co.*, we addressed the question of whether an appellate court had jurisdiction when a district court fails to explicitly rule on a party's challenge to a magistrate judge's order. 205 F.3d at 219. In that case, we concluded from the record that the district court had—although not explicitly—rejected the party's challenge based on a number of factors. *Id.* at 220.

4

No. 11-30383

Here, however, we are unable to reach a similar conclusion. The record conclusively establishes that the district court had *not* considered or rejected Appellants' objections to the magistrate judge's denial of sanctions, as it scheduled a submission date on the matter for *after* the final judgment and *after* Appellants filed their notice of appeal. Therefore, we conclude that we lack jurisdiction to address the denial of Appellants' motion for sanctions because the district court never made the magistrate judge's decision on this issue final.[2] *See Stripling*, 234 F.3d at 868. We will, therefore, turn to the other appellate issues.

### III. DISCUSSION

A.   Did the district court err in excluding Rostow's expert report and subsequently denying Appellants' motion for a continuance?

Appellants contend that the district court erred in excluding Rostow's expert report because there was no violation of the scheduling order. Alternatively, Appellants contend that even if they failed to comply with the provisions of the scheduling order, the court improperly struck Rostow's testimony as a sanction. We review the district court's findings that Appellants failed to comply with the scheduling order for an abuse of discretion. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 568 (5th Cir. 1996). Appellants filed what purported to be Rostow's expert report on the date it was due under the scheduling order; however, the report consisted of a two-page letter that essentially summarized the patients' medical records and recommended that "the patients undergo Comprehensive Psychological

---

[2]   Because we conclude jurisdiction is lacking, we need not reach the question of whether a motion for sanctions in which the movant seeks to conclusively establish an element of its claim or defense is a dispositive or non-dispositive order for purposes of the district court's standard of review of the magistrate judge's order. *Compare Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (concluding that a magistrate judge's decision to award expenses and attorney's fees in connection with a motion to compel was non-dispositive), *with Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 868 (7th Cir. 1996) (concluding that disputes regarding sanctions are dispositive matters).

No. 11-30383

Evaluations." The district court concluded that Rostow's report failed to meet the standards of Rule 26.

Rule 26(a)(2)(B) requires that expert reports must contain the following: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them"; (2) "the facts or data considered by the witness in forming them"; (3) "any exhibits that will be used to summarize or support them"; (4) "the witness's qualifications . . ."; (5) a list of cases in which the expert testified during the previous four years; and (6) a statement of the compensation received by the expert for his study and testimony. FED. R. CIV. P. 26(a)(2)(B). It is undeniable that Rostow's initial expert report fails to come close to meeting these criteria.

Appellants claim, however, that this report served as a timely-filed report that, when considered with Rostow's supplemental report, meets the standards for Rule 26. They contend that they were entitled to rely on the provision of the scheduling order that allowed for supplementation of expert reports. However, the scheduling order clearly provides that "[n]o testimony from any plaintiff's expert who is required to submit a Fed. R. Civ. Pro. 26(a)(2)(B) report and who fails to do so by this deadline will be allowed during the trials set to commence on March 21, 2011." Expert reports under Rule 26 must be "detailed and complete," not "sketchy and vague." FED. R. CIV. P. 26 advisory committee's notes; *see also Sierra Club*, 73 F.3d at 571 (affirming a decision to exclude an expert report where the initial report was merely an outline, although the report was "supplemented" after the deadline). Additionally, we have previously noted that "[t]he purpose of supplementary disclosures is just that—to *supplement*. Such disclosures are *not* intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998) (emphasis added). We

6

therefore find no abuse of discretion in the district court's determination that Appellants failed to submit a report that complied with Rule 26.

Having concluded that the district court properly determined that the original report failed to comply with the scheduling order and that Appellants' efforts to supplement the report were untimely, we must determine whether the district court's sanction of excluding the expert's testimony was proper. We review the sanction imposed for an abuse of discretion. *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993). In evaluating whether the district court abused its discretion in excluding expert testimony, we consider four factors: "(1) the importance of the excluded testimony, (2) the explanation of the party for its failure to comply with the court's order, (3) the potential prejudice that would arise from allowing the testimony, and (4) the availability of a continuance to cure such prejudice." *Id.*

Applying this test, we conclude that the district court's decision to exclude Rostow's testimony was not an abuse of discretion. First, Appellants allege that they would have used the excluded testimony to establish the psychological injury that occurred as a result of their exposure to toxic chemicals; however, there were medical records addressing this issue, as well as others who could have testified about the matter. Second, Appellants are unable to provide an adequate explanation for their failure to provide a timely expert report when the necessary information was entirely under their own control. Although they claim that the testing of one of the plaintiffs took a long time due to circumstances outside of their control, they made no effort to inform the court of this issue before the deadline for expert reports. The district court could reasonably conclude that their justification was inadequate. As for the prejudice prong, Appellants provided no usable information in their initial expert report. Rostow's deposition was scheduled to take place several weeks after the expert report deadline, and Appellants failed to provide *any* of Rostow's opinions as of

the deadline for disclosure of Appellants' expert reports. This "delay would have likely resulted in some prejudice to [Appellees]." *Sierra Club*, 73 F.3d at 574.

Turning to the question of a continuance, Appellants also argue that the district court erroneously denied their motion for a continuance that was filed on February 11, 2011 after the court struck Rostow's testimony. In their motion to continue the trial date, Appellants stated that "the damages phase of this case is not realistically in a posture for trial, despite diligent efforts on the part of counsel for the Plaintiffs and his staff and experts." Appellants rely on this court's statement in *General Dynamics Corp.*, 999 F.2d at 116, that "continuance, not exclusion, is the preferred means of dealing with a party's attempt to designate a witness out of order or offer new evidence." However, in that case, the court noted that "the EEOC's actions complied with a reasonable interpretation of the court's order and cannot be considered to be in bad faith." *Id.* at 117. Here, however, the record fails to reveal that Appellants complied with a *reasonable* interpretation of the scheduling order because, as noted above, assuming that a two-page letter that does not express any of the expert's opinions could serve as a "placeholder" until a "supplemental" report was filed was not reasonable. *See, e.g.*, *Metro Ford Truck Sales, Inc.*, 145 F.3d at 324; *Sierra Club*, 73 F.3d at 571. Additionally, the record reveals not just one, but several, violations of the court's scheduling order. Indeed, the district court noted that

> [t]he reasons given by Plaintiffs for the continuance are chiefly of their own making, it is apparent that they have failed to timely prepare their case or follow the scheduling order set out by this court. This court has given fair warning over a year ago that there would be no continuances barring extraordinary circumstances.

Thus, while "a continuance would have given [Georgia Gulf and American International] more time to review the late disclosures, such a measure 'would neither punish [Appellants] for [their] conduct nor deter similar behavior in the

future.'" *Sierra Club*, 73 F.3d at 573 (quoting *Bradley v. United States*, 866 F.2d 120, 126 (5th Cir. 1989)).   On balance, we simply cannot conclude that the district court's decision to exclude Rostow's report or deny the motion for continuance filed thereafter was an abuse of discretion.

B.     Did the district court err in excluding the testimony of Miller and Black?

Appellants make a similar argument with respect to the district court's decision to exclude Miller and Black's expert report.   Again, Appellants timely provided what they contend qualified as an expert report, but they supplemented the report approximately one week prior to Miller and Black's depositions, and then Appellants substantively changed the expert report again several days after the depositions.   Georgia Gulf and American International filed a motion in limine to exclude Miller and Black's report, arguing that it failed to comply with Rule 26 and that it should be excluded under *Daubert* as unreliable.[3]  Then, after Georgia Gulf and American International filed their motion to exclude the report, Appellants again supplemented Miller's report, claiming that the information was just acquired from Georgia Gulf one week prior to the third supplementation.   The district court granted the motion in limine without providing its reasoning.   We may affirm on any basis supported by the record. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 658 (5th Cir. 2012).

The evidence indicates that the initial expert report provided by Appellants failed to comply with Rule 26(a)(2)(B).   First, the "supplemental" opinions provided by Appellants were, in fact, material additions to the initial report, not "changes" or "corrections" to the expert's opinions (although those occurred as well). *Cf. Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 375 (5th Cir. 2004) ("If, as the defendants say, the subsequent report was not really 'supplemental' but instead effectively replaced the earlier report, the duty to

---

[3] *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

supplement would not by itself provide a reason to exclude [the expert's] testimony—though there might well be *other* grounds to exclude it, such as that the plaintiffs' disclosures were untimely or otherwise violated Rule 26(a) or the court's scheduling order."). Additionally, the report failed to include the experts' qualifications, a list of publications, or a list of prior cases in which they served as experts. *Cf.* FED. R. CIV. P. 26(a)(2)(B).

In weighing the four factors to determine whether the district court abused its discretion in excluding the experts' testimony as a sanction, *see General Dynamics Corp.*, 999 F.2d at 115, we conclude that the first factor weighs in favor Appellants, as the testimony was clearly important in establishing causation. As to the second factor, it is unclear whether there was an explanation for Appellants' failure to provide the complete opinion of their experts in a timely fashion. Appellants claim that their experts needed additional documents that were not provided by Georgia Gulf until February 11, 2011—long after the deadline for the submission of expert reports. Georgia Gulf responds that the additional opinions provided by Appellants' experts were based on information that Georgia Gulf had provided by the December 9, 2010 deadline for Appellants' expert reports. The record indicates that Georgia Gulf is partially correct, as the first two "supplemental" opinions were transmitted *before* the allegedly necessary documents were provided. However, it appears that the third supplemental opinion relies on documents that were not provided to Appellants until two months after the expert report deadline passed. Nonetheless, this fact is not a valid explanation for the delay, given that Appellants failed to timely request these documents or file a motion to compel prior to the expert report deadline.[4] Thus, because the delay was due to

---

[4] Appellants served their first request for production on October 21, 2010; however, they waited to serve a second request until approximately two weeks after the expert report deadline had passed, and they revised their first request and re-served it almost three weeks

No. 11-30383

Appellants' own failure to timely seek the allegedly necessary discovery, the second factor weighs in favor of Georgia Gulf and American International. The third and fourth factors also weigh in favor of Georgia Gulf and American International, as they were prejudiced by the addition of opinions both several days prior to the experts' depositions and also *after* the depositions. As noted above, although a continuance may have cured the prejudice, the district court was not required to grant a continuance at such a late date. We conclude that the district court did not abuse its discretion in excluding the expert reports of Miller and Black.

C.    Did the district court err by erroneously striking the testimony of Brandt and Wilson?

Appellants allege that the district court abused its discretion in excluding the testimony of two witnesses because of Appellants' failure to timely comply with the scheduling order. One week before trial, Appellants timely filed their list of witnesses they expected to call at trial; however, they failed to include Brandt and Wilson on the list. On the Friday before trial, Appellants filed an amended will-call list to include Brandt and Wilson. Georgia Gulf and American International moved to exclude Brandt and Wilson's testimony, claiming that they would be prejudiced by the late notice, and that they assumed that Appellants did not intend to call Brandt and Wilson at trial. The district court granted the motion.

Appellants do not deny that they violated the scheduling order by failing to timely disclose that they would call Brandt and Wilson at trial; rather, they

---

*after* the deadline for submitting expert reports. Further, they failed to file a motion to compel production of the allegedly necessary material until February 2011—three months after the expert report deadline. Thus, the record indicates that it was Appellants' own failure to timely request production (and, if it was not timely provided, file a motion to compel), that resulted in the late "supplementation" of Miller and Black's expert report. We reject the notion that Appellants are free to engage in "self-help," by unilaterally altering expert deadlines in light of perceived failures by the opposing party in the discovery process. Instead, they should have raised these matters timely in advance with the district or magistrate judge.

11

No. 11-30383

argue that the sanction of exclusion imposed by the district court was an abuse of discretion. Weighing the four factors set out in *General Dynamics Corp.*, 999 F.2d at 115, we conclude that the district court did not abuse its discretion in excluding the testimony. The only factor that weighs in favor of Appellants is the importance of the testimony; Appellants intended to use Brandt and Wilson to establish the physical injuries they suffered as a result of the release of toxic chemicals into the air. However, there can be no doubt that the failure to notify Georgia Gulf and American International of the intent to call Brandt and Wilson at trial prejudiced those parties, as they assumed that Appellants did not intend to call Brandt and Wilson at trial.[5] Additionally, there was no reason given for the failure to timely comply with the scheduling order. Finally, the district court's decision to exclude the witnesses came on the date of trial, and it was not unreasonable to conclude that a continuance was not a viable option, especially because Appellants did not ask for a continuance at that point, and because Georgia Gulf and American International had gone through the time and expense of preparing for trial. Therefore, we conclude that the district court's decision to exclude Brandt and Wilson's testimony was not an abuse of discretion.

AFFIRMED.

---

[5] Appellants argue that an email from Georgia Gulf and American International's attorney indicates that Georgia Gulf and American International were still communicating with their rebuttal expert, which Appellants argue implies that Georgia Gulf and American International were not prejudiced by the failure to timely designate Brandt and Wilson on Appellants' will-call list. However, Georgia Gulf and American International explicitly stated that they made no travel arrangements for their rebuttal expert, who lived out of state. Additionally, Georgia Gulf and American International's motion to strike Brandt and Wilson stated that had they known that Appellants intended to call these two experts, they would have reviewed deposition transcripts and documents produced by Appellants; however, as they believed Appellants would not call Brandt and Wilson, they did not do so.