# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

Lyle W. Cayce
Clerk

No. 11-30561

BRAYLON JAMES GUIDRY; RICKY L. HARMON; SANDRA HARMON;
MARVA HARMON ARVIE, individually and, also known as Marva Harmon
Guidry, on behalf of Jasmine T. Harmon,

> Plaintiffs - Appellants

v.

GEORGIA GULF LAKE CHARLES L.L.C.; CHARTIS SPECIALTY
INSURANCE COMPANY,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:08-CV-3000

---

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Braylon James Guidry, Ricky L. Harmon, Sandra Harmon, and Marva Harmon Arvie, individually and on behalf of Jasmine T. Harmon (collectively, "Appellants"), appeal the district court's orders excluding several of Appellants' expert witnesses, denying their motion to supplement their expert reports, and granting summary judgment to Georgia Gulf Lake Charles L.L.C. ("Georgia

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30561

Gulf") and Chartis Specialty Insurance Company ("Chartis"), which resulted in the dismissal of their case. We recently decided a very similar dispute over the exclusion of the same experts between virtually identical parties for very similar reasons.[1] *See Harmon v. Ga. Gulf Lake Charles L.L.C.*, No. 11-30383, 2012 U.S. App. LEXIS 9468 (5th Cir. May 9, 2012) (per curiam) (unpublished).[2] The only substantive difference between the two cases is that *Harmon* related to a fire that occurred at a Georgia Gulf facility in 2006, and this case relates to a fire that occurred at the same facility in 2007. In response to our request for supplemental briefing as to what issues remain in this case after *Harmon*, Appellants essentially conceded that we could not reach a different result in this case without explicitly or implicitly overruling *Harmon*, which we decline to do.

Because we follow *Harmon*, we need not address Appellants' issues at length. The challenge to two of the five disputed experts—Dr. Gary Miller and Dr. Cary Rostow—is identical to that of *Harmon*, and we affirm the decision to exclude Dr. Miller's and Dr. Rostow's testimony for the same reasons given in *Harmon*. *See* 2012 U.S. App. LEXIS 9468, at *8-18. Additionally, Appellants' challenge to the exclusion of Dr. John Black's testimony is similar to their challenge raised in *Harmon*, *see id* at *14-18, although here they did not even provide a report by the deadline, claiming the need for additional discovery. As we noted in *Harmon*, Appellants are not "free to engage in 'self-help[]' by unilaterally altering expert deadlines in light of perceived failures by the opposing party in the discovery process." *Id.* at *18 n.4. Thus, for the same reasons given in *Harmon*, we conclude that the district court did not err by

[1] Chartis was not a party in *Harmon*. American International Specialty Lines Insurance Company was the defendant-insurer in that case.

[2] Although *Harmon* was unpublished, we follow it because the parties are almost identical, the claims are similar, the experts that were excluded by the district court are the same, and the same magistrate judge and district judge presided over both cases. Appellants' attorney was also the same.

excluding Dr. Black's testimony as a sanction for Appellants' failure to comply with the scheduling order.

Next, Appellants contest the exclusion of Dr. Vincent Wilson. The district court excluded Dr. Wilson's testimony for a different reason in this case than in *Harmon*, but it was nonetheless a reason addressed in *Harmon* as to other experts. Here, the district court granted Georgia Gulf and Chartis's motion to exclude Dr. Wilson's testimony because Appellants filed an incomplete expert report and later sought to "supplement" the report (i.e., materially change it) after the expert report deadline. We rejected Appellants' arguments of this nature in *Harmon*—albeit with respect to different experts—and we reject them here. *See* 2012 U.S. App. LEXIS 9468, at *10 (noting that "[t]he purpose of supplementary disclosures is just that—to *supplement*. Such disclosures are *not* intended to provide an extension of the expert designation and report production deadlines" (internal citation and quotation marks omitted)).[3]

Further, Appellants contend that the exclusion of Dr. Harold Brandt was an abuse of discretion. The district court excluded Dr. Brandt's testimony because his expert report was identical to that submitted in *Harmon*, and it addressed only the 2006 fire; it did *not* discuss the 2007 fire, which was the central issue in this case. Appellants admitted that Dr. Brandt's expert report did not discuss the 2007 fire in any material way. It is clear from the record that the district court did not err in excluding Dr. Brandt's expert report, as it failed to provide any information about the issue in the case.

Appellants further argue that the district court erred by denying their motion pursuant to Federal Rule of Civil Procedure 56(d) to allow additional discovery before ruling on Georgia Gulf and Chartis's motion for summary

---

[3] Appellants also make a "global" objection that the district court erred by preventing them from "supplementing" their expert reports. For the same reason set out above, this argument is without merit.

judgment. In order to obtain additional discovery under this Rule, litigants "must show (1) why [they] need[] additional discovery and (2) how that discovery will create a genuine issue of material fact." *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Additionally, if the litigants have "not diligently pursued discovery, . . . [they are] not entitled to relief" under Rule 56(d).[4] *Id.* Here, Appellants cannot show how additional discovery would have been helpful to their case, as their experts had already been excluded and the expert deadline had passed. Further, the record shows that Appellants had "not diligently pursued discovery," *id.*; therefore, we cannot conclude that the district court erred in denying their Rule 56(d) motion.

Finally, Appellants contend that the district court's decision granting summary judgment to Georgia Gulf and Chartis was error. In support of this argument, Appellants reiterate the arguments that we have already rejected above. Because we affirm the exclusion of Appellants' experts without which Appellants concede they cannot prove their case, we are unable to conclude that the district court erred in granting summary judgment to Georgia Gulf and Chartis.

AFFIRMED.

---

[4] Although *Beattie* addresses Rule 56(f), that subsection of the rule has been moved to subsection (d). *See* FED. R. CIV. P. 56 advisory committee's notes ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).").